1 F.3d 1231
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Norman D. ERICKSON and Marilyn J. Erickson, Petitioners, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.
 No. 92-2392.
 United States Court of Appeals,
First Circuit.
 August 2, 1993
 
 APPEAL FROM THE UNITED STATES TAX COURT
 Charles J. Reilly with whom Reilly Law Associates was on brief for petitioners.
 Alice L. Ronk, Appellate Section, Tax Division, Department of Justice, with whom James A. Bruton, Acting Assistant Attorney General, Gary R. Allen, Chief, Appellate Section, Tax Division, Department of Justice, and Bruce R. Ellisen, Appellate Section, Tax Division, Department of Justice, were on brief for respondent.
 U.S.T.C.
 AFFIRMED.
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 CAMPBELL, Per Curiam.
 
 
 1
 The Internal Revenue Service determined a deficiency in the 1986 income tax of appellants Norman and Marilyn Erickson. The issue on appeal is whether $50,796 received by appellants under an agreement between Norman Erickson and the insurance company for which he had served as an insurance agent is self-employment income subject to the self-employment tax. See 26 U.S.C. Secs. 1401, 1402. The United States Tax Court found that it is and upheld the deficiency determination against appellants, who now appeal.[1]
 
 
 2
 We briefly summarize the relevant facts and applicable law, which are described in detail in the published opinion of the Tax Court, Erickson v. Commissioner, 64 T.C.M. (CCH) 963 (1992). Norman Erickson worked for twenty years as a general insurance agent of the Union Mutual Life Insurance Company and related companies. He sold insurance as an independent contractor, earning commissions on the policies written by him and "renewal commissions" on those of his policies that were renewed. Appellants concede that Mr. Erickson's commission income when he was an agent constituted self-employment income subject to the self-employment tax.
 
 
 3
 In November 1983 Union Mutual terminated its relationship with Erickson and all its other agents. Erickson and Union Mutual entered into the General Agent Floored Commission Leveling Agreement II in December 1983, providing for the payment to Erickson, over a period of fifteen years or more, renewal commissions that he otherwise would have received if he had continued to be an agent of Union Mutual. A number of legal disputes arose in 1984 and 1985 between Union Mutual and other agents, not including Erickson, apparently concerning the computation of their renewal commission payments under various leveling agreements. Union Mutual settled the disputes by entering into a Settlement Agreement and General Release with all its former agents, including Erickson. The $50,796 in dispute in this case was paid to Erickson in 1986 by Union Mutual pursuant to the Settlement Agreement.
 
 
 4
 Section 1401 of the Code imposes a tax on the "self-employment income" of every individual. Self-employment income consists of the "net earnings from self-employment derived by an individual ... during any taxable year." 26 U.S.C. Sec. 1402(b). "Net earnings from self-employment" is defined as "gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business." Id. at Sec. 1402(a). The Commissioner determined that the Settlement Agreement payments represented Mr. Erickson's renewal commissions. Appellants argued before the Tax Court that the Settlement Agreement was a contract of sale for Mr. Erickson's insurance business. The parties agree on the law: if the Settlement Agreement payments represented renewal commissions, then they are taxable as self-employment income under 26 U.S.C. Sec. 1401. See Simpson v. Commissioner, 64 T.C. 974 (1975); Becker v. Tomlinson, 62-1 U.S. Tax Cas. (CCH) p 9446, at 84,298, 9 A.F.T.R.2d (P-H) 1408 (S.D. Fla. 1962). If, as appellants contend, the payments were for the sale of business assets, they do not constitute self-employment income. See Erickson, 64 T.C.M. at 967.
 
 
 5
 The only issue for this court, then, is whether the Tax Court erred in finding, id. at 967-68, that payments under the Settlement Agreement were made in lieu of renewal commissions and were not payments for the sale of Mr. Erickson's insurance business to Union Mutual. Tax Court findings as to the purpose of a particular transaction and the intent of the parties involved are findings of fact that will be reversed only if clearly erroneous. Crowley v. Commissioner, 962 F.2d 1077, 1080 (1st Cir. 1992). Ample evidence in the record supports the Tax Court's present findings. The Settlement Agreement makes absolutely no reference to a sale of a business or business assets. On its face, the agreement simply terminates and replaces the Leveling Agreement II, which appellants concede was not a sale but an agreement for the uniform payment of renewal commissions that otherwise would have been received by Mr. Erickson. The stated purpose of the parties in entering the Settlement Agreement was to "establish fully, finally and with certainty all of their outstanding obligations arising out of the general agent contractual relationship between the parties." Moreover, Mr. Erickson admitted in his testimony before the Tax Court that he owned very few of the supplies and pieces of equipment retained by Union Mutual. "His" staff at the insurance office, which he claims was part of the sale transaction, actually was on the Union Mutual payroll before the alleged sale. No documentary evidence supports his vague testimony that he "negotiated" the terms of the Settlement Agreement with Union Mutual over a long period of time. On this record, it was entirely reasonable for the Tax Court to reject Mr. Erickson's characterization of the transaction.
 
 
 6
 Because the Tax Court's determination that the $50,796 received by appellants represented renewal commissions was not clearly erroneous, and appellants do not challenge the taxability of renewal commissions as self-employment income, we affirm.
 
 
 7
 Affirmed.
 
 
 
 [1]
 The Commissioner does not appeal from the portion of the Tax Court's memorandum holding that appellants were not negligent within the meaning of 26 U.S.C. Sec. 6653(a)(1)